# IN THE UNITED STATES DISTRICT COURT

## FOR THE *Northern* DISTRICT OF TEXAS

### *Amarillo* Division

JUL I 0 2003

CLERK, U.S.

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Fred couch*
**PETITIONER**
(Full name of Petitioner)

*Dalhart, Texas unit*
**CURRENT PLACE OF CONFINEMENT**

*1120947*
**PRISONER ID NUMBER**

vs.

*Janie Cockrell*
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of petitioner)

# 2-03CV-0200J

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.   Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.   Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.   When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.   Petitions that do not meet these instructions may be returned to you.

# PETITION

**What are you challenging?** (Check <u>only</u> one)

☐   A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-23)
    probation or deferred-adjudication probation
☐   A parole revocation proceeding.              (Answer Questions 1-4, 13-14, & 20-23)
☑   A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1.   Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
     *Dalhart Texas Prison unit*

2.   Date of judgment of conviction:   *4-15-2003*

3.   Length of sentence:   *1-Year in medium Coustdy, Lost Line class*

4.   Nature of offense and docket number (if known):   *Threatening to* *~~the cell u·~~* *ESCAPE*

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)

     ☐   Not Guilty        ☐   Guilty        ☐   Nolo contendere

6.   Kind of trial: (Check one)   ☐   Jury        ☐   Judge Only

- 2 -

CONTINUED ON NEXT PAGE

7.    Did you testify at the trial?    ☐    Yes        ☐    No

8.    Did you appeal the judgment of conviction?        ☐    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

Cause Number (if known)

What was the result of your direct appeal (affirmed, modified or reversed):

What was the date of that decision?

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result:

Date of result:                      Cause Number (if known):

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result:

Date of result:   _____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☐    Yes        ☐    No

11.   If your answer to 10 is "Yes," give the following information:

Name of court:

Nature of proceeding:

Cause number (if known):

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

Grounds raised:

- 3 -

CONTINUED ON NEXT PAGE

<u>Date</u> of final decision:

Name of court that issued the final decision:

As to any *second* petition, application or motion, give the same information:

Name of court:

Nature of proceeding:

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

Grounds raised:

<u>Date</u> of final decision:

Name of court that issued the final decision:

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐     Yes          ☐     No

(a)   If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

(b)   Give the date and length of the sentence to be served in the future:

(c)   Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐     Yes          ☐     No

- 4 -

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.    Date and location of your parole revocation:

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

        ☐   Yes            ☐   No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?        ☐ Yes    ☑ No

16.    Are you eligible for mandatory supervised release?     ☐ Yes    ☑ No

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

*Dalhart Texas unit*

Disciplinary case number: *200 302 17976*

18.    Date you were found guilty of the disciplinary violation: *4-15-03*

Did you lose previously earned good-time credits?     ☑ Yes    ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: *300 days lost good time, drop to medium coustody, Lost Line class 54 to L2 1-Year in medium coustody, Reprimand!*

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

        ☑   Yes            ☐   No

If your answer to Question 19 is "yes," answer the following:

Step 1 Result: *The disciplinary hearing officer appears to have used appriate discretion.*

      Date of Result: *June, 18 - 2003*

Step 2 Result: *All due process requirements were Satisfied.*

        **CONTINUED ON NEXT PAGE**

✗    Date of Result:

**All applicants must answer the remaining questions:**

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

**CAUTION:**
Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

    CONTINUED ON NEXT PAGE

A. **GROUND ONE:** *Due Process*

Supporting FACTS (tell your story briefly without citing cases or law):

confidential informant was not present
at hearing to make statement

B. **GROUND TWO:** *Procedural Due Process*

Supporting FACTS (tell your story briefly without citing cases or law):

Hearing officer nor major Early did not comply
with T.D.C.J. disciplinary Requirements. as
to Assessment of the reliability of
inmate informants who was not registered
as an informant.

C. **GROUND THREE:** *unreliable confindential informant*

Supporting FACTS (tell your story briefly without citing cases or law):

informant statement was excepted as
the truth, when there was no evidence of
escape.

CONTINUED ON NEXT PAGE

D.   **GROUND FOUR:** _unfair disciplinary hearing_

Supporting FACTS (tell your story briefly without citing cases or law):

_wasn't allowed to call any witness, nor did major Early check to see if inmates had been Joking about me threathing to escape_

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes            ☑   No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_No_

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☑   Yes            ☐   No

If your answer is "yes,"* state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_I'm challenging disciplinary proceedings and they don't have to be presented to Lower courts_

- 8 -

CONTINUED ON NEXT PAGE

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐   Yes          ☑   No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

NO

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on July – 8 – 2003     (month, date, year).

Executed on July – 8 – 2003     (date).

Fred Couch
Signature of Petitioner (required)

Petitioner's current address: Fred Couch
11950 FM 998
Dalhart Texas 77022

-9-

Ground number Five: no Evidence of threathenin's to escape.

Facts: major Earley said it would depend on what they found in my locker. whether I would be charge with anything, officer did not find anything Pointing to any Kind of escape. Yet they charge me with threathening to Escape.

Ground number six: no testimony from informant at hearing.

Facts: I had a right to Face my accuser however he was not Present at hearing, nor was there anyone else there who may have accused me.

Ground number seven: Due Process

Facts: hearing officer Abuse his discreation he was arrested 6days after the alleyed incident.

Added Grounds to 28 u.s.c. 2254

Page 1 of 1

United States District Court
205 East 5th St., Box F. 13240
Amarillo  Texas  79101-1556

Fred Couch #1120947
vs.
Janie Cockrell
        Respondent, T.D.C.J.-ID

Brief in support with memorandum of
Law. for his writ of Habeas Corpus 2254

Comes now Fred Couch #1120947, in the
  above numbered styled caused and will show
support of the following grounds for relief:
  1. Due Process.
  2. Procedural Due Process.
  3. unreliable confidential informant
  4. unfair disciplinary hearing.
  5. no Evidence of threathening to escape.
  6. no testimony from informant at hearing.

# Table of contents

Page

1. Index of Authorties ............................. B
2. Indentity of Parties and counsel ........ A
3. statement of case ............................. 1, 2
4. statement of Facts. ........................... 3-6
5. Fact-Finding. .................................... 7-10
6. Lost of good time and other_____. 2
7. Exhausted all Remedies. .................... 10
8. step 1 and 2 grievance attached at Back__
9. Date of hearing ................................ 10
10. Hearing tape .................................... 10
11. Conclusion and Prayer___  ... . _____ 11
12. Inmate's sworn Declaration .............. 12
13. certificate of service ....................... 12
14.

## Identity of Parties And counsel

1. FRed couch  #1120947 - Pro-se
   119.50 FM 99B, Dalhart, Texas 79022
2. Janie Cockrell, Respondent.
   P.O.Box 99 Huntsville, Texas 77342
3.

# Index of Authorties

Page

1. Broussard v. Johnson. 253 F. 3d 874 at 877
   (5th Cir. 2001)   3
2. Culbert v. Young. 834 F. 2d 624
   (7th Cir. 1987)   4
3. Dawson v. Smith. 719 F. 2d 896, 899
   (7th Cir. 1983)   4
4. Hurney v. Carvey. 602 F. 2d 993
   (1st Cir. 1979)   9
5. McCllum v. Miller. 695 F. 2d 1044
   (7th Cir. 1982)   4, 5
6. McKinney v. Meese. 831 F. 2d 728
   (7th Cir. 1987)   4
7. Sanchez v. Miller. 729 F. 2d 694
   (      )   5
8. Wangner v. Willford. 804 F. 2d 1012
   (7th Cir. 1986)   4
9. Wells v. Israel. 854 F. 2d 995 at 998
   (7th Cir. 1988).   4
10. Wolf v. McDonnell. 418 U.S. 539-571
    (      )   8

Statement of case:

on 4-9-03 I was on the recreation yard setting on the man hole lid trying to get over the flu. Because of where I was, on the right side of 5 building "Dalhart unit" the wind was blowing and it was cooling me off. And all I was doing was looking at the horses and looking at the men working on the landscape and Just being alone. because I was sick with the flu. I was there about (1) one hour then my friends from 3 building started to Joke with me about Jumping the fense, and they were saying don't do it come back, don't climb the fense and that went on for about 5 or 10 minutes, Then others who were on the "Dalhart" recreation yard started saying the same thing and that went on for about 5 or 10 minutes, then an inmate who I did not know came to me and said what are you thinking about. And that's when I said I'm thinking about leaving Dalhart and get out of here. And then I got up and started to walk around the yard and said to my self boy You Just can't be alone anywhere here. And I Just kept walking. Then 6 days later on friday morning they came an got me for

Page 1 of 12

Planning to escape from the Dalhart unit.
   I believe that this Person had found out what
I'm looked up for, and he did this out of hate
toward me. And that is a crime in its self.
   And I lost 30 days recreation, 30 day com-
missary, 30 days cell restriction, and I lost
300 days good time, and lost of Line class
from S4 to L2. And this will effect my Parole
Possibility when I come up.
   See inclosed Disciplinary hearing report
record Exhibits "1"

Statement of FActs:

Citing from Broussard v. Johnson 253 F. 3d 874 at 877 L5th cir. 2001). As the district court noted, the Proceedings here did not comply with the TDCJ's rules governing the use of confidential informants at disciplinary Proceedings. T.D.C.J's regulations Provide.

IF information Provided by a confidential informant will be used at the disciplinary hearing as additional evidence, the investigating officer must:

b. hAve interviewed the informant(s) who must hAve some Knowledge of the incident circumstances of the alleged offense; and determine how the Knowledge was gained which led the investigator to a conclusion of guilt;

(e.) testify at the disciplinary hearing that the testimony of the confidential informant is believed to be reliable, based upon his/her interviews and describe in general terms the substance of the accusation and the conclusion drawn therefrom.

Office for Disciplinary coordination T.D.C.J. Administrative memorandum

Page 3 of 12

- Disciplinary No. 89-VI. E. 4-01. see wells, 854 F 2d at 1000; Taylor. 931 F 2d at 702.

citing from wells v. Israel. 854 F 2d 995 at 998 (7th cir. 1988). we have already considered several time the Procedural as well as the substantive standards which govern Prison disciplinary hearings. especially where Prison authorites rely upon confidential informants. see culbert v. Young. 834 F. 2d 624 (7th cir. 1987)(collecting cases). certs denied. -U.S-. 108 S.ct. 1296. 99 L. Ed. 2d 506 (1988). McKinney v. meese. 831 F. 2d 728 (7th cir. 1987) (collecting cases); wagner v. williford. 804 F 2d 1012 (7th cir. 1986) (collecting cases). At issue here is the due Process requirement that confidential information upon which a disciplinary committee[be] reliable. McCollum v. miller 695 F 2d 1044 (7th cir 1982) (McCollum Id.); Dawson v. smith. 719 F. 2d 896, 899 (7th cir. 1983). certs denied. 466 u.s. 929. 104 s. ct. 1714. 80 L. Ed. 2d 186 (1984). In wagner v. williford. 804 F 2d 1012, 1015 (7th cir. 1986). this court decided that McCollum 1 retroactively applies to all cases. such as this one. which were Pending

Page 4 of 12

Prior to June 9, 1986 (when this court held in Sanchez v. Miller, 792 F. 2d 694. that a disciplinary hearing's constitutionality is date of the hearing, id. at 702).

"not all Prison inmates who inform an other inmates are telling the truth; some are enacting their own schemes of revenge." McCollum 1, at 1049. Requiring a reliability determination is a Procedural safeguard which helps assure that the disciplinary committee conducts a full and meaningfull hearing, even when the Prisoner does not know and thus cannot contest the specific information to be used against him. As the sixth Circuit recently explained, Assessment of the reliability of inmate informants is an essential Prerequisite to imposing discipline for violations established through the use of informant testimony... (N)o adjudicative conclusion can be reliable, and no meaningful due Process Can be accorded, if accusations are accerted at face value, with no consideration of their source. (U)nless the committee makes an independent determination about what the facts

of the alleged misconduct are by deciding,
minimally, that the hearsay information
has been supplied by a reliable informant.
it is merely recording the finding made by
the investigating officer who has made
a determination about the informant's
reliability... To proceed in that fashion
is not facting It is record Keeping.

Petitioner contends that his hearing was not
fair, and deprived him of 5th and 14th Amend.
rights. The confidential informant was not used
at the hearing. Informant had no Knowledge
as to what Petitioner had said when other
were making Joking Jesture at him. The infor-
mant Knowledge came from hearing other inmates
Yelling at the accused when he was sitting
on the Recreation Yard. He never made any
attempt to escape. Officer Major Earley took
what was said at face value. when there was
no indication that he was Planning to escape.

After Major Earley told me if he did not find
anything in my locker that would support what
was said, nothing would be done. However
he did "not" find anything, they still charged
me with threathening to escape from the
Dalhart unit.

Page 6 of 12

Fact-findings:

The fact-finding Process involves a determination of the truth of the allegation that a specified institutional rule had been violated, that is, did the inmate violate the rule? The correctional Process is a Policy or Judgment decision by a Prison administrator or Committee who views every action in terms of its correctional or rehabilitative effects on the individual involved, on the inmates, and on the staff of the institution as a whole. The correctional Process must be concerned with the best interest of the inmate involved and not be solely geared to the facts of a Particular incident.

Petitioner contends that the hearing was unfair in that A confidential informants statement was used to arrest him, and the officer said, even though it was a Joke it was a serious offense. This hearing was not intended at fairness and rehabilitative effects in term of my involvement. Fact-finder wasn't Past finding the truth, and found me guilty because I hAve a 30 Year sentence, and that I Probably was going

Page 7 of 12

to escape, that has preJudice me and is un-
fair. Rather officer maJor Earley and others
should have sought to find if the other in-
mates had started the JoKing incident, and
not the Petitioner. As he never started this
incident, rather other inmates. Fact-finders
should have sought the truth, and was the
Petitioner sick as he alleged? and was he
setting out by himself Just minding his
own business, when he was approached by
informant, when informant heard all the
other inmates was JoKing about him leav-
ing Dalhart unit going over the fense. This
have been rule serious only because of its
nature. The fenses here are about 10 feet tall
and have razor wire on it. I'm about 5'5"
tall. I could not Possible go over that fenses
anyway. This is out rageous, and out of reasons.
Disposition and Evidence Relied aPon:
    Citing wolf v. McDonnell, 418 u.s.539-
571). Requires a written statement which
includes the evidence ruled uPon and
reasons for the disciPlinary action.
    Petitioner contends that official decid-
ed the case because of the seriousness
of the alleged crime.

                    PaJe 8 of 12

officer Major Earley indicated that he thought I intended to escape, based on my 30 year sentence.

Petitioner contends that other inmates started saying don't leave only because he was sitting out on the recreation yard by himself.

Petitioner contends it was beyond 24 hours of the day of the alleged incident. It was six day later when I was arrested. 11) The evidence by the informant renders the proceeding fundamentally unfair as it violate the due Process clause.12) There was not sufficient, substantial evidence to support the disciplinary committee's findings.

witnesses and Admissible evidence:

The first Circuit Court of Appeals has indicated. Hurney V. Carvey, 602 F. 2d 993 LIstcir. 1972) that an inmate has to allege and support with facts the following in order to state a valid claim:

Petitioner contends that the hearing officer never allowed or gave ⓞ him oppornity to call witness, and was refused for reasons not having to do with institutional security

Page 9 of 12

or correctional goals (2) Prison officials, in ruling clearly abused their discretion. No reason was given for not allowing him to call witnesses. See Exhibit "1" and hearing tape #539, started at 3:22 End at 4:21 on 4-16-03. Tape are in the Possion Dalhart unit 072. Also herein are both step 1 and 2 grievance. as all local remedies have been Exhausted.

Petitioner ask this court to allow Discovery so all record hearing may be obtain, to show Proof to all his allegation herein.

Conclusion and Prayer

Wherefore all things considered asks
this Honorable court. to After review of
his claim. to then order T.D.C.J. I-D to re-
store all that has been taken from. that
has created a Liberty intrest. This is his
Prayer for relief.

Inmate's Sworn Declaration

I, Fred Couch, 1120947, being presently incarcerated in Dalhart, Texas unit, declare under penalty of perjury that according to my belief the foregoing information and allegation of this Brief in support of his 2254, are true and correct. on this the 8 . day of July   2003, under The Authority of Title 28 u.s.c. 1746.

Signed

Pro-se   Fred Couch

Certificate of Service.

I, Fred Couch, 1120947, in this cause, do certify that a correct copy of this Brief in support of his 2254 has been Placed in the prison mailing system, at the Dalhart, unit. Addressed to u.s. District Clerk, 205 East 5th St. Amarillo, Texas 79101-1556. on this the 8 day of July   . 2003.

Signed

Pro-se   Fred Couch
FRED Couch #1120947
11950 FM 998
Dalhart, Texas 79022